IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ACRO ENERGY TECHNOLOGIES, INC., | § § | CASE NO. 13-30985 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| ACRO ENERGY TECHNOLOGIES, INC., and HARRY FLEMING, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | ADVERSARY NO. _____ |
| SUNTECH AMERICA, INC., | § § § | |
| DEFENDANT. | § | |

## NOTICE OF REMOVAL

COMES NOW, Suntech America, Inc. ("Suntech"), an unsecured creditor, and files its Notice of Removal and states as follows:

1.   Harry Fleming ("Fleming") filed his Plaintiff's Original Petition and Request for Disclosure on October 9, 2012, in the County Court at Law No. C.C.C.L. #1 of Harris County, Texas, Cause No. 1021235 (the "State Court Action") seeking a declaration of the Court that he is not the alter ego of Acro Energy Technologies, Inc. (the "Debtor" or "Acro").  Suntech was served with process in the County Court Action through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.  Suntech filed its Defendant's Original Answer on November 9, 2012.  Suntech is represented by

Michael J. Durrschmidt
Evan A. Moeller
Hirsch & Westheimer, P.C.
700 Louisiana, Suite 2550
Houston, Texas 77002
Telephone: 713-223-5181
Facsimile: 713-223-9319.

2. On February 21, 2013, the Debtor filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Case").

3. All claims or causes of action asserted in the State Court Action are removable to this Court pursuant to 28 U.S.C. §§ 1441, 1334, and 1452 and 11 U.S.C. §541(a).

4. According to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." According to 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." According to 28 U.S.C. § 1334(b), "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441 and § 1452, because this action arises in, arises under, and is related to Acro Energy Technologies Inc.'s bankruptcy proceeding, Case No. 13-30985, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. In the State Court Action, Fleming seeks a declaration of

the Court that he is not the alter ego of the Debtor. In the Fifth Circuit alter ego claims are property of the Estate. *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987); *In re Moore,* 608 F.3d 253, 258 (5th Cir. 2010); *In re Seven Sea Petroleum, Inc.,* 522 F.3d. 575 (5th Cir. 2008). Therefore, a determination that one is not the alter ego of a debtor must also be a determination of the extent of property of the Estate and therefore within the exclusive jurisdiction of the bankruptcy court. Among other things, this action is related to the pending bankruptcy because the outcome of this proceeding could conceivably have an effect on the estate being administered in bankruptcy.

6.  The State Court Action is a core proceeding because it seeks to deal with the following issues: "matters concerning the administration of the estate"; "property of the estate"; and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." *See*, 28 U.S.C. §157(b)(2)(A),(B), and (O). *In re Endeavour Highrise, L.P.,* 425 B.R. 402, 408 (Bankr. S.D. Tex. 2010). The Bankruptcy Court has exclusive jurisdiction over property of estate. 11 U.S.C. §541(a); *In re 7303 Holdings, Inc.,* 2010 WL 3420477 *3 (Bankr. S.D. Tex., Aug. 26, 2010) (citing *Kane Enters v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003). In the event it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution, Suntech hereby consents to the entry of such orders or judgment.

7.  This Notice of Removal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 9027, which provides that if a claim or cause of action in a civil action is pending when a case under the Bankruptcy Code is commenced, a notice of removal may be filed within 90 days after the order for relief in the case. Fleming filed the State Court Action on October 9,

3

2012. Acro filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 21, 2013. This Notice of Removal is properly filed within 90 days of the order of relief in this case. *See*, 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of the [Bankruptcy Code] constitutes an order for relief under such chapter.")

8. A copy of this Notice of Removal is being served upon the counsel of record in the State Court Action via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system, to:

> Michael P. Fleming
> Michael P. Fleming & Associates, P.C.
> 440 Louisiana, Suite 1920
> Houston, Texas 77002
> Telephone: 713-221-6800
> Facsimile: 713-221-6806

9. This Notice of Removal is being served, via first class mail, postage prepaid, and e-filed with the County Clerk, Stan Stanart, County Court at Law No. 1, 201 Caroline, Suite 300, Houston, Texas 77002.

10. Copies of the pleadings that have been filed in the County Court of Law No. 1, Cause No. 1021235, are attached pursuant to Bankruptcy Local Rule 9027.

Respectfully submitted this 7th day of March, 2013.

>HIRSCH & WESTHEIMER, P.C.
>
>By:  /s/  Michael J. Durrschmidt
>Michael J. Durrschmidt
>Texas Bar No. 06287650
>Evan A. Moeller
>Texas Bar No. 24051067
>700 Louisiana, Floor 25
>Houston, Texas 77002
>Telephone: 713-223-5181
>Facsimile:  713-223-9319
>E-mail: mdurrschmidt@hirschwest.com
>E-mail: emoeller@hirschwest.com
>
>Attorneys for Suntech America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2013, a copy of the foregoing Notice of Removal was sent via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system to the parties listed below.

Glynda P. Stowers
11569 Hwy 6 South, Suite 64
Sugar Land, Texas 77498
Telephone: 281-221-4485
Facsimile: 281-494-8196
Bankruptcy Attorney for Acro Energy Technologies Inc.

Michael Paul Fleming
Michael P Fleming PC, Attorneys at Law
440 Louisiana, Suite 1920
Houston, Texas 77002
State Court Attorney for Harry Fleming

County Court of Law No. 1
Stan Stanart, County Clerk
201 Caroline, Suite 300
Houston, Texas 77002

>/s/  Michael J. Durrschmidt
>Michael J. Durrschmidt