FILED
12 October 9 P12:06
Stan Stanart
County Clerk
Harris County

## 1021235

CAUSE NO.: _____

| | | |
|---|---|---|
| HARRY FLEMING | § | IN COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. C.C.C.L. #1 |
| | § | |
| | § | |
| SUNTECH AMERICA, INC. | § | OF HARRIS COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Harry Fleming files this original petition complaining of Defendant Suntech America, Inc. and would respectfully show the Court the following:

**I.**
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

**II.**
### PARTIES

Plaintiff, Harry Fleming ("Plaintiff" or "Fleming") is an individual residing in Harris County, Texas.

Defendant Suntech America, Inc. ("Defendant" or "Suntech"), is a Delaware corporation engaging in business in the State of Texas. Suntech does not maintain a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute. Pursuant to Tex. Civ. Prac. & Rem. Code §17.044, Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 with instructions that the Secretary of State mail a copy of

the process to Defendant's President, John Lefebvre, at Defendant's home office at 71 Stevenson Street, 10th Floor, San Francisco, California 94105.

### III.
### JURISDICTION AND VENUE

This court has subject matter jurisdiction of this matter pursuant to the Chapter 37 of the Tex. Civ. Prac. & Rem. Code. This Court has personal jurisdiction over Suntech pursuant to Section 17.041 of the Texas Civil Practice and Remedies Code because Defendant is doing business in this state. Venue is proper in Harris County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Codes because Harris County is the county in which Plaintiff resided at the time the cause of action accrued and venue in not proper in any other county.

### IV.
### FACTUAL BACKGROUND

Fleming is entitled to a declaratory judgment that he is not the alter ego of Acro Energy Technologies Corp. and/or Acro Energy Technologies, Inc. and that the assets of Fleming are not liable to satisfy any liabilities owed by Acro Energy Technologies Corp. and/or Acro Energy Technologies, Inc. to Suntech.

This matter arises out of a present and actual controversy between Fleming, on the one hand, and Suntech, on the other hand, regarding the purported alter ego liability of Fleming for claims by Suntech against Acro Energy Technologies Corp. and/or Acro Energy Technologies, Inc.

At all times relevant hereto, Acro Energy Technologies Corp. ("Acro – BC") was a corporation formed on October 25, 2007, in the province of British Columbia in Canada, with its common shares publicly traded under the symbol "ART" on the TSX Venture Exchange. Acro-BC maintains its executive office in Houston, Harris County, Texas. Acro Energy

2

Technologies, Inc., formerly Acro Electric, Inc. ("Acro-CA") is a corporation incorporated on January 26, 2004, in the state of California. Effective on or about February 23, 2009, pursuant to the rules and procedures of the TSX Venture Exchange, Acro-BC acquired all of the issued and outstanding shares of Acro-CA. Acro-BC and Acro-CA may hereinafter be collectively referred to as the "Acro Entities".

On or about May 1, 2012, Suntech filed an Original Complaint ("Complaint") against the Acro Entities in California entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court Case No.: CGC-12-520454 (the "Action"). In the Complaint, Suntech alleged that beginning on June 26, 2011, the Acro Entities breached the terms of a contract between the Parties by failing to timely pay for certain solar modules and related materials.

On or about May 23, 2012, Suntech filed a First Amended Complaint ("Amended Complaint") in the Action. The main substantive addition to the Amended Complaint was to name Fleming as a defendant in the Action under an "alter ego" theory.

When asked for the factual basis for claiming that Fleming was the alter ego of a publicly traded corporation, representatives of Suntech could identify no factual basis for the claim other than Fleming had used his credit card to pay certain business obligations. When requested to drop the baseless alter ego claim against Fleming, Suntech refused to do so in order to "keep the pressure on."

Pursuant to the terms of a Settlement Agreement and Mutual General Release dated effective August 31, 2012, Suntech and the Acro Entities settled the Action. In consideration of payments to be made by the Acro Entities described in the Settlement Agreement, Suntech dismissed its claims against the Acro Entities and Fleming, without prejudice. However, until

3

such time as the Acro Entities satisfied all obligations set forth in the Settlement Agreement, Suntech reserved all rights against Fleming, including pursuing recovery against Fleming under the alter ego theory.

Based on an alter ego theory, Suntech has asserted, and reserved the right to assert in the future, that Fleming is liable to Suntech for the obligations of the Acro Entities to Suntech. Suntech has made the alter ego assertions against Fleming despite facts unequivocally demonstrating that: (a) Fleming and the Acro Entities have maintained appropriate corporate separateness and respected all attributes of corporate, business and accounting separateness; (b) there was never such a unity of interest and ownership between the Acro Entities and Fleming such that the separate personalities of the corporation and Fleming did not in reality exist; (c) there was no conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identities of the Acro Entities from their shareholders, officers, and directors; (d) the Acro Entities have never been an instrumentality or conduit of Fleming in the pursuit of a single business venture; (e) there has never been a commingling of funds and other assets between the Acro Entities and Fleming; (f) there has never been an unauthorized diversion of corporate funds or assets from the Acro Entities to Fleming; (g) Fleming never treated the assets of the Acro Entities as his own; and (h) Fleming never used the Acro Entities as a subterfuge for illegal transactions.

Fleming was one of hundreds of individuals that owned the publicly traded common shares of Acro-BC. Fleming has never been a shareholder of Acro-CA. Fleming has acted as a director and officer of both Acro Entities. However, such facts provide no basis for the assertion that Fleming is the alter ego of the Acro Entities and liable for their obligations to Suntech.

As a publicly traded company, Acro-BC was required to comply with significant

4

disclosure requirements by both the TSX Venture Exchange and the British Columbia Securities Commission. Such disclosure requirements were satisfied by Acro-BC through the efforts of its management team (which, in addition to Fleming, included a Chief Financial Officer and General Counsel), outside Canadian securities counsel, independent directors, and outside audit firms. Acro-BC was required to file with the British Columbia Securities Commission, and disclose to the investing public, annual audited financial statements and quarterly financial statements. Such financial statements disclosed the financial affairs of Acro-BC and its subsidiaries, including Acro-CA. In compliance with such disclosure requirements, Acro-BC also disclosed to the investing public all related party transactions. Further, under the rules and policies of the TSX Venture Exchange, Acro-BC was required to obtain Exchange approval of substantially all material corporate transactions.

With this level of required public disclosure, it is not surprising that the only basis for the alter ego claim that representatives of Suntech could come up with is that Fleming used his credit card to pay for certain corporate expenses. However, that proffered justification for the alter ego claim against Fleming is legally insufficient and frankly, ridiculous.

## V.
## REQUEST FOR DECLARATORY RELIEF

This action is being brought pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

An actual controversy has arisen and now exists between the parties concerning the liability of Plaintiff for the obligations of the Acro Entities to Suntech under the theory of alter ego, for which Plaintiff desires a declaration of rights.

A declaratory judgment is necessary in that Defendant has contended, or is expected to

contend, and Plaintiff has denied and will continue to deny that Plaintiff is liable to Suntech for the obligations of the Acro Entities to Suntech under the theory of alter ego.

Accordingly, Plaintiff seeks declaratory relief to prevent Suntech from improperly seeking to hold Plaintiff liable to Suntech for the obligations of the Acro Entities to Suntech under the theory of alter ego.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to filing this suit have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

## VIII.
## PRAYER

WHEREFORE, Plaintiff Harry Fleming prays that Defendant Suntech America, Inc. be summoned to answer and appear and that judgment be entered in favor of Plaintiff and against

Defendant Suntech America, Inc. as follows:

1. Declaring that Plaintiff Harry Fleming is not liable under the theory of alter ego for the liabilities of Acro Energy Technologies Corp. and/or Acro Energy Technologies, Inc. to Suntech;

2. Awarding Plaintiff his costs and attorneys' fees; and

3. Granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

MICHAEL P. FLEMING & ASSOC., P.C.

By:        /s/ Michael Fleming
          Michael P. Fleming
          State Bar No. 07130600
          Laura Krzesienski
          State Bar No. 24047474
          440 Louisiana, Ste. 1920
          Houston, Texas 77002
          (713) 221-6800
          (713) 221-6806 (Fax)
          ATTORNEYS FOR PLAINTIFF

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

October 19, 2012

Suntech America, Inc.
President, John Lefebvre
71 Stevenson St 10th Fl
San Francisco, CA 94105

> **2013-219463-1**
> Include reference number in
> all correspondence

RE:  Harry Fleming Vs Suntech America Inc
       County Civil Court at Law #1, Harris County Texas
       Cause No: 1021235

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on October 15, 2012.

CERTIFIED MAIL #71901046470100090506

Refer correspondence to:

Michael Paul Fleming
Michael P Fleming PC Attorneys At Law
440 Louisiana St Ste 1920
Houston, TX 77002

Sincerely,



Helen Lupercio
Team Leader, Service of Process
CT/gl
Enclosure



# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1021235**

**Receipt Number:**      **No Sheriff/Constable Fee Collected**

**HARRY FLEMING**
**VS.**
**SUNTECH AMERICA, INC.**

In The County Civil Court at Law No. One (1)
201 Caroline / Suite 500
Houston, Harris County, Texas 77002

### THE STATE OF TEXAS
## ORIGINAL PETITION BY CERTIFIED MAIL THROUGH COUNTY CLERK – DISCLOSURES CITATION

TO:   Suntech America, Inc.
  by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701

  Defendant's President, John Lefebvre, at 71 Stevenson Street, 10th Floor, San Francisco, California 94105

  By Certified Mail, Return Receipt Requested

Attached is a copy of petition with discovery attached.
This instrument was filed on the 9th day of **October, 2012**, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, this 11th day of October, 2012.

(SEAL)

STAN STANART, County Clerk
County Civil Court At Law No. One (1),
201 Caroline, Suite 300
Harris County, Texas

*Kelli Renee Ramirez*

Kelli Renee Ramirez, Deputy County Clerk

REQUESTED
BY:

MICHAEL PAUL FLEMING
MICHAEL P. FLEMING AND ASSOCIATES
440 LOUISIANA, SUITE 1920
HOUSTON, TEXAS 77002

**RECEIVED**
**SECRETARY OF STATE**

**OCT 1 5 2012**

**Service of Process**

FILED
12 November 9 P4:50
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1021235

| | | |
|---|---|---|
| **HARRY FLEMING** | § | IN   THE   COUNTY   COURT |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | AT   LAW   NO.   ONE   (1) |
| | § | |
| **SUNTECH AMERICA, INC.** | § | |
| | § | |
| **Defendant.** | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

Defendant, Suntech America, Inc. (**"Suntech"**), files this Original Answer and would respectfully show unto the Court as follows:

### GENERAL DENIAL

1.      Suntech, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies all of the claims as alleged by Plaintiff and respectfully prays that Plaintiff be required to prove its claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Suntech America, Inc. respectfully prays that:

   a.    Plaintiff Harry Fleming take nothing by way of his claims;

   b.    Defendant Suntech America, Inc. be awarded its reasonable and necessary attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 37.009;

   c.    Defendant Suntech America, Inc. be awarded its costs of court; and

   d.    Defendant Suntech America, Inc. be awarded all further relief, whether at law or in equity, to which Defendant Suntech America, Inc. may show itself to be justly entitled.

999999.268/1441981.1

CAUSE NO. 1021235

| | | |
|---|---|---|
| **HARRY FLEMING** | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | AT LAW NO. ONE (1) |
| | § | |
| **SUNTECH AMERICA, INC.** | § | |
| | § | |
| **Defendant.** | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Suntech America, Inc. (**"Suntech"**), files this Original Answer and would respectfully show unto the Court as follows:

### GENERAL DENIAL

1.     Suntech, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies all of the claims as alleged by Plaintiff and respectfully prays that Plaintiff be required to prove its claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Suntech America, Inc. respectfully prays that:

a.     Plaintiff Harry Fleming take nothing by way of his claims;

b.     Defendant Suntech America, Inc. be awarded its reasonable and necessary attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 37.009;

c.     Defendant Suntech America, Inc. be awarded its costs of court; and

d.     Defendant Suntech America, Inc. be awarded all further relief, whether at law or in equity, to which Defendant Suntech America, Inc. may show itself to be justly entitled.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
      Evan A. Moeller
      State Bar No. 24051067
      Whitney Rawlinson
      State Bar No. 24068655
      700 Louisiana, 25th Floor
      Houston, Texas 77002-2772
      Telephone: (713) 220-9182
      Facsimile:  (713) 223-9319

**ATTORNEYS FOR DEFENDANT,
SUNTECH AMERICA, INC.**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing was served by facsimile and certified mail, return receipt requested, as indicated below on the 9th day of November, 2012.

Michael P. Fleming
Laura Krzesienski
440 Louisiana, Ste. 1920
Houston, Texas 77002
*Via Facsimile:  713.221.6806*
*Via CM/RRR: 7196 9008 9111 7066 7590*

_____
Evan A. Moeller

999999.268/1441981.1

**Docket Number:** <u>1021235</u>

| | | |
|---|---|---|
| HARRY FLEMING | § | In the County Civil Court |
| ☐ VS. | § | |
| ☐SUNTECH AMERICA INC | § | at Law No. One (1) |
| ☐ . | § | |
| | § | Harris County, Texas |

## <u>ORDER OF REFERRAL OF MEDIATION</u>

This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154.001, et seq. Bryan Coleman is appointed a mediator in the above case, and all counsel are directed to arrange the logistics of mediation. The Mediator's address, phone and fax numbers are as follows: 550 WESTCOTT SUITE 300 HOUSTON, TEXAS 77007 Phone: 713-863-9966 Fax: 713-863-8787

Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

Named parties shall be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must be completed within one week before trial setting. Counsel and parties shall try to agree upon a mediation date within fourteen days of the date of this order. If no agreed date can be scheduled, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

Referral to the mediation is not a substitute for a trial and the case will be tried as assigned if not settled. Disputes as to fees may be submitted to the Court.

Signed on: 11/14/2012

<u>DEBRA I MAYFIELD</u>
Judge Presiding

Please Note: Within 10 days of this ORDER, unless agreed to, Objection to Mediation or Substitution of Mediators must be set for an Oral Hearing.

EVANALEXANDER MOELLER
HIRSCH & WESTHEIMER, P.C.
700 LOUISIANA SUITE 2550
HOUSTON, TEXAS 77002

Form No. H01139 (Rev. 05/01/2011)

**Docket Number:** <u>1021235</u>

| | | |
|---|---|---|
| HARRY FLEMING | § | In the County Civil Court |
| ❑ VS. | § | |
| ❑SUNTECH AMERICA INC | § | at Law No. One (1) |
| ❑ | § | |
| | § | Harris County, Texas |

## ORDER FOR TRIAL SETTING

It is hereby ORDERED that this case is SET for trial beginning on 4/15/2013 9:00:00 AM. The Courtroom is located at 201 Caroline, 5th Floor, Houston, TX 77002.

It is further ORDERED that PLAINTIFF notify all attorneys or pro se parties of this ORDER by certified mail, return receipt requested immediately.

Should the case settle prior to trial, please call the Trial Coordinator at 713-368-6611.

ATTENTION:
IF THIS CASE IS ELIGIBLE FOR THE FILING OF A DEFAULT JUDGMENT PLEASE BE AWARE THE DEFAULT MUST BE FILED 14 DAYS BEFORE THE DATE OF TRIAL OR YOU MUST APPEAR BEFORE THE JUDGE ON THE DAY OF THE TRIAL. FAILURE TO COMPLY WITH THIS NOTICE COULD RESULT IN YOUR CASE BEING DISMISSED BY THE COURT.

Signed on: November 14, 2012        <u>DEBRA I MAYFIELD</u>
                                     Judge Presiding

**PLEASE NOTE:  IF THERE ARE MINOR CHILDREN INVOLVED IN THIS LAWSUIT, A MOTION AND ORDER TO APPOINT A GUARDIAN AD LITEM MUST BE FILED WITH THE COURT.**

EVANALEXANDER MOELLER
HIRSCH & WESTHEIMER, P.C.
700 LOUISIANA SUITE 2550
HOUSTON, TEXAS 77002

Form No. H01120 (Rev. 05/01/2011)

FILED
12 November 30 P3:51
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1021235

| | | |
|---|---|---|
| **HARRY FLEMING** | § | IN   THE   COUNTY   COURT |
| | § | |
| **Plaintiff,** | § | |
| v. | § | AT   LAW   NO.   ONE   (1) |
| | § | |
| **SUNTECH AMERICA, INC.** | § | |
| | § | |
| **Defendant.** | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANT SUNTECH AMERICA, INC.'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Defendant, Suntech America, Inc. (*"Suntech"*) files this Traditional Motion for Summary Judgment and would respectfully show unto the Court as follows:

### INTRODUCTION

1.  Plaintiff is Harry Fleming (*"Plaintiff"*); Defendant is Suntech America, Inc.

2.  On October 9, 2012, Plaintiff filed his Original Petition seeking a declaratory judgment against Suntech, improperly requesting relief not available under Chapter 37 of the Texas Civil Practice and Remedies Code.

3.  On November 9, 2012, Defendant Suntech filed its Original Answer.

4.  Discovery in this suit is governed by a Level 2 discovery-control plan.

5.  Trial is set for April 15, 2013.

### ARGUMENT AND AUTHORITIES

6.  A defendant is entitled to summary judgment on a plaintiff's cause of action if the plaintiff's pleading affirmatively demonstrates that no cause of action exists. *Peek v. Equip. Serv. Co.*, 779 S.W.3d 802, 805 (Tex. 1989).

7.  If the pleading demonstrates that no cause of action exists, the court can grant a summary judgment without first giving the plaintiff an opportunity to amend its pleading. *Id.*; *Toles v. Toles*, 113 S.W.3d 899, 909 (Tex.App.—Dallas 2003, no pet.).

20120621.20120621/1448625.1

8.    Defendant is entitled to summary judgment on Plaintiff's cause of action for declaratory relief because Plaintiff's pleading affirmatively demonstrates that he has no viable claim under Chapter 37.

9.    Texas Civil Practice and Remedies Code § 37.004(a) states:

> **A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.**

10.    In his Original Petition, Plaintiff asked the Court to declare that he is not an alter ego of Acro Energy Technologies Corp. and/or Acro Energy Technologies, Inc. (*"Acro"* **and/or** *"Acro Entities"*). *See* Plaintiff's Original Petition at p. 5.

### Plaintiff's Potential Alter Ego Status is Not Justiciable Under Chapter 37

11.    Alter ego is, of course, a theory of imposing liability on an individual by piercing the corporate veil when fraud has been perpetrated on someone dealing with the corporation.[1]

12.    Plaintiff's potential liability, in his individual capacity, for claims against the Acro Entities, if and when Suntech sues those entities, is not justiciable under the Uniform Declaratory Judgments Act.

13.    Whether or not a judge or jury would, in a theoretical lawsuit, find that Plaintiff perpetrated a fraud upon Suntech by abusing the corporate forms of the Acro Entities has nothing to do with the construction or validity of an *instrument, statute, ordinance, contract,* or *franchise*.

14.    Because Plaintiff's Chapter 37 claim is inviable as a matter of law, Suntech is entitled to summary judgment.

---

[1]    *See* Black's Law Dictionary, Second Pocket Edition, 2001, p. 32.

20120621.20120621/1448625.1

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Suntech America, Inc. asks the

Court to render final summary judgment in favor of Defendant Suntech America, Inc. and

against Plaintiff Harry Fleming on all of Plaintiff's claims pursuant to Texas Rule of Civil

Procedure 166a.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By:_____

Evan A. Moeller
State Bar No. 24051067
Whitney Rawlinson
State Bar No. 24068655
700 Louisiana, 25th Floor
Houston, Texas 77002-2772
Telephone: (713) 220-9182
Facsimile:  (713) 223-9319

**ATTORNEYS FOR DEFENDANT,
SUNTECH AMERICA, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by facsimile and
certified mail, return receipt requested, as indicated below on the 30th day of November, 2012.

Michael P. Fleming
Laura Krzesienski
440 Louisiana, Ste. 1920
Houston, Texas 77002
*Via Facsimile: 713.221.6806*
*Via CM/RRR: 7196 9008 9111 7066 7637*

_____
Evan A. Moeller

3

FILED
12 November 30 P4:25
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1021235

| | | |
|---|---|---|
| HARRY FLEMING | § | IN   THE   COUNTY   COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | AT   LAW   NO.   ONE   (1) |
| | § | |
| SUNTECH AMERICA, INC. | § | |
| | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### NOTICE OF HEARING ON DEFENDANT SUNTECH AMERICA, INC.'S
### TRADITIONAL MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that Defendant Suntech America, Inc.'s Traditional Motion for

Summary Judgment is set for oral hearing on **Thursday, January 24, 2013 at 9:00 a.m.** before

the Honorable Debra Ibarra Mayfield, Harris County Court at Law No. 1, Harris County, Texas.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
    Evan A. Moeller
    State Bar No. 24051067
    Whitney Rawlinson
    State Bar No. 24068655
    700 Louisiana, 25th Floor
    Houston, Texas 77002-2772
    Telephone: (713) 220-9182
    Facsimile:  (713) 223-9319

**ATTORNEYS FOR DEFENDANT,
SUNTECH AMERICA, INC.**

20120621.20120621/1450249.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by facsimile and certified mail, return receipt requested, as indicated below on the 30th day of November, 2012.

Michael P. Fleming
Laura Krzesienski
440 Louisiana, Ste. 1920
Houston, Texas 77002
*Via Facsimile:  713.221.6806*
*Via CM/RRR: 7196 9008 9111 7066 7637*

Evan A. Moeller

20120621.20120621/1450249.1

Cause No. 1021235

HARRY FLEMING,                                   § IN THE COUNTY CIVIL COURT

                    Plaintiff,                                    §

            vs.                                                        § AT LAW NO. ONE (1)

SUNTECH AMERICA, INC.,                        §

                    Defendant                                   § OF HARRIS COUNTY, TEXAS

## Notice of Oral Hearing

Please take notice that the following motion(s) will be heard on the oral hearing docket of the Harris County Civil Court at Law No. 1 on January 22, 2013 at 9:00 a.m.:

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**Respectfully submitted**

**Michael P. Fleming &        Associates, P.C.**

**By:**   _____

**Michael P. Fleming**
**SBN:** 07130600
**David Tang**
**SBN:.** 24014483
440 Louisiana, Suite 1920
Houston, Texas 77002
(713) 221-6800
(713) 221-6806 fax

**Counsel for Plaintiff Harry Fleming**

14

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 17, 2013, a copy of the foregoing document was served upon the following attorney of record.

Evan A. Moeller
Hirsch & Westheimer, P.C.
700 Louisiana, 25th Floor
Houston, Texas 77002-2772.

David Tang

FILED
13 January 17 P11:46
Stan Stanart
County Clerk
Harris County

Cause No. 1021235

| | | |
|---|---|---|
| HARRY FLEMING, | § | IN THE COUNTY CIVIL COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. ONE (1) |
| | § | |
| SUNTECH AMERICA, INC., | § | |
| Defendant | § | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Harry Fleming, by and through his counsel of record, files this Motion to Compel Discovery and Request for Sanctions against Defendant Suntech America, Inc. ("Suntech") and would respectfully show the Court the following:

**BACKGROUND**

*This Suit*

Plaintiff filed this suit against Suntech requesting a declaratory judgment that Plaintiff is not the alter ego of two corporations, Acro Energy Technologies Corp., a British Columbia corporation ("Acro-BC") and Acro Energy Technologies, Inc., a California corporation ("Acro-CA")(collectively the "Acro Entities") and that his assets are not liable to satisfy any liabilities owed by the Acro Entities.  Suntech filed its original answer, a general denial, on November 9, 2012.

*Suntech's Alter Ego Claim against Fleming*

On or about May 1, 2012, Suntech filed an Original Complaint against the Acro Entities in California entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San

1

Francisco County Superior Court Case No.: CGC-12-520454 (the "California Action"). In the Complaint, Suntech alleged that beginning on June 26, 2011, the Acro Entities breached the terms of a contract between the Parties by failing to timely pay for certain solar modules and related materials. On or about May 23, 2012, Suntech filed a First Amended Complaint ("Amended Complaint") in the California Action, in which Suntech added Fleming as a defendant in the California Action contending that Fleming was the "alter ego" of the Acro Entities.

Pursuant to the terms of a Settlement Agreement and Mutual General Release dated effective August 31, 2012, Suntech and the Acro Entities settled the California Action. In consideration of payments to be made by the Acro Entities described in the Settlement Agreement, Suntech dismissed its claims against the Acro Entities and Fleming, without prejudice. However, until such time as the Acro Entities satisfied all obligations set forth in the Settlement Agreement, Suntech reserved all right to pursue recovery against Fleming under the alter ego theory.

*The Subject Discovery*

On November 23, 2012, Fleming served his First Set of Interrogatories and First Request for Production of Documents on Defendant Suntech. On December 26, 2012, Suntech served its Objections and Answers to Plaintiff's First Interrogatories and Objections and Answers to Plaintiff's First Request for Production, copies of which are attached hereto as Exhibits "A" and "B" respectively.

Despite the title of Defendant's discovery responses, Suntech completely failed to provide answers to the interrogatories and document requests. Suntech merely repeated the following stock objection to each interrogatory and request for production:

2

> *"Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper."*

Additionally, when asked to provide the factual support if Suntech made certain contentions which are customarily relied upon to claim alter ego liability (and that Suntech plead in the California Action against Fleming), Suntech provided the following non-responsive response:

> *"The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims."*

Suntech's "answers" to the interrogatories and requests for production are at a minimum evasive and incomplete and should be treated as a failure to answer.  Tex. R. Civ. Pro. 215.1(c).

Defense counsel, Evan Moeller, began this lawsuit with a cavalier and smug attitude which has now continued through the discovery phase.  (Ex. C).  Based on his nonsensical and baseless objections, Defense counsel and/or his client believe that they are above the rules.

## ARGUMENT AND AUTHORITIES

A party may file a motion to compel answers when interrogatories are not answered properly or when objections are served.  Tex. R. Civ. Pro. 215.2(b) & 215.3.  Since Suntech's answers to the interrogatories are inadequate, Plaintiff is entitled to reasonable sanctions.  *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996).  Fleming is also entitled to an order compelling production of documents based on Suntech's refusal to produce the requested documents.  Tex. R. Civ. Pro. 215.2

The Court should enter an order overruling Suntech's objections to the discovery requests and requiring Suntech to provide full responses to each of the interrogatories and requests for production.

3

In the alternative, the Court should order that for the discovery matters Suntech did not provide a response, the matter be deemed in favor of Fleming. Tex. R. Civ. Pro. 215.2(b)(3); *Spohn Hospital v. Mayer*, 104 S.W.3d 878, 881 n. 2 (Tex. 2003). Specifically, Fleming requests that the following matters be established in Fleming's favor:

| | |
|---|---|
| Interrogatory No. 1: | No facts were known to Suntech on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court, Case No.: CGC-12-520454 (the "California Action"), to support a claim that Harry Fleming ("Fleming") was the alter ego of Acro Energy Technologies Corp. ("Acro-BC"). |
| Interrogatory No. 2(sic): | No facts are known to Suntech to support a contention that Acro-BC and Fleming have not maintained appropriate corporate separateness and respected all attributes of corporate, business and accounting separateness. |
| Interrogatory No. 3: | No facts are known to Suntech to support a contention that Acro-BC constitutes an alter ego of Fleming. |
| Interrogatory No. 4: | No facts are known to Suntech to support a contention that there was such a unity of interest and ownership between Acro-BC and Fleming that the separate personalities of the corporation and Fleming did not in reality exist. |
| Interrogatory No. 5: | No facts are known to Suntech to support a contention that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-BC from its shareholders, officers and directors. |
| Interrogatory No. 6: | No facts are known to Suntech to support a contention that there was an unauthorized diversion of the funds of Acro-BC for other than corporate purposes. |
| Interrogatory No. 8: | No facts are known to Suntech to support a contention that there was a failure to segregate the funds of Acro-BC and Fleming. |
| Interrogatory No. 9: | No facts are known to Suntech to support a contention that Fleming treated the corporate assets of Acro-BC as his own. |
| Interrogatory No. 10: | No facts are known to Suntech to support a contention that Fleming used Acro-BC as a subterfuge for illegal transactions. |

4

Interrogatory No. 15:    No facts are known to Suntech to support a contention that Acro Energy Technologies, Inc. ("Acro-CA") constitutes an alter ego of Fleming.

Interrogatory No. 16:    No facts are known to Suntech to support a contention that there was such a unity of interest and ownership between Acro-CA and Fleming that the separate personalities of the corporation and Fleming did not in reality exist.

Interrogatory No. 17:    No facts are known to Suntech to support a contention that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-CA from its shareholders, officers and directors.

Interrogatory No. 18:    No facts are known to Suntech to support a contention that there was an unauthorized diversion of the funds of Acro-CA for other than corporate purposes.

Interrogatory No. 20:    No facts are known to Suntech to support a contention that there was a failure to segregate the funds of Acro-CA and Fleming.

Interrogatory No. 21:    No facts are known to Suntech to support a contention that Fleming treated the corporate assets of Acro-CA as his own.

Interrogatory No. 22:    No facts are known to Suntech to support a contention that Fleming used Acro-CA as a subterfuge for illegal transactions.

Fleming further requests that the Court overrule the stated objections, order Suntech to properly respond to and produce documents in its care, custody and control in response to the following individual requests for production:

Request No. 1:    Any and all Documents in YOUR possession on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court, Case No.: CGC-12-520454 (the "California Action"), which YOU contend supported a claim that Harry Fleming ("Fleming") was the alter ego of Acro Energy Technologies Corp. ("Acro-BC").

Request No. 2:    Any and all Documents which YOU contend establish that there was such a unity of interest and ownership between Acro-BC and Fleming that the separate personalities of the corporation and Fleming did not in reality exist.

Request No. 3:   Any and all Documents which YOU contend establish that adherence to the fiction of Acro-BC's separate corporate existence would promote injustice and fraud.

Request No. 4:   Any and all Documents which YOU contend establish that disregarding the separate corporate existence of Acro-BC is necessary to prevent an injustice upon YOU.

Request No. 5:   Any and all Documents which YOU contend establish that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-BC from its shareholders, officers, and directors.

Request No. 6:   Any and all Documents which YOU contend support the claim that Fleming was and is a guarantor of Acro-BC.

Request No. 7:   Any and all Documents which YOU contend support the claim that Fleming guaranteed any obligation of Acro-BC to YOU.

Request No. 8:   Any and all Documents which YOU contend support the contention that Acro-BC constitutes an alter ego of Fleming.

Request No. 9:   Any and all Documents which YOU contend support the contention that, at all times since its inception, Acro-BC has been but an instrumentality or conduit of Fleming in the pursuit of a single business venture.

Request No. 10:   Any and all Documents which YOU contend that support the contention that there was a commingling of funds and other assets between Acro-BC and Fleming.

Request No. 11:   Any and all Documents which YOU contend that support the contention that there was an unauthorized diversion of corporate funds or assets from Acro-BC to Fleming.

Request No. 12:   Any and all Documents which YOU contend that support the contention that Fleming held himself out as liable for the debts of Acro-BC.

Request No. 13:   Any and all Documents which YOU contend that support the contention that Acro-BC failed to maintain minutes or adequate corporate records.

Request No. 14:   Any and all Documents which YOU contend that support the contention that Fleming treated the assets of Acro-BC as his own.

Request No. 15:   Any and all Documents which YOU contend that support the contention that Fleming concealed or misrepresented the ownership, management and financial interests of Acro-BC.

Request No. 16:   Any and all Documents which YOU contend that support the contention that Fleming contracted with Suntech with the intent to avoid performance by use

of a corporate entity as a shield against personal liability.

| | |
|---|---|
| Request No. 17: | Any and all Documents which YOU contend that support the contention that Fleming used Acro-BC as a subterfuge for illegal transactions. |
| Request No. 19: | Any and all Documents which YOU contend establish that there was such a unity of interest and ownership between Acro-CA and Fleming that the separate personalities of the corporation and Fleming did not in reality exist. |
| Request No. 20: | Any and all Documents which YOU contend establish that adherence to the fiction of Acro-CA's separate corporate existence would promote injustice and fraud. |
| Request No. 21: | Any and all Documents which YOU contend establish that disregarding the separate corporate existence of Acro-CA is necessary to prevent an injustice upon YOU. |
| Request No. 22: | Any and all Documents which YOU contend establish that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-CA from its shareholders, officers, and directors. |
| Request No. 23: | Any and all Documents which YOU contend support the contention that Fleming was and is a guarantor of Acro-CA. |
| Request No. 24: | Any and all Documents which YOU contend support the claim that Fleming guaranteed any obligation of Acro-CA to YOU. |
| Request No. 25: | Any and all Documents which YOU contend support the contention that Fleming was and is a shareholder of Acro-CA. |
| Request No. 26: | Any and all Documents which YOU contend support the contention that Acro-CA constitutes an alter ego of Fleming. |
| Request No. 27: | Any and all Documents which YOU contend support the contention that, at all times since its inception, Acro-CA has been but an instrumentality or conduit of Fleming in the pursuit of a single business venture. |
| Request No. 28: | Any and all Documents which YOU contend that support the contention that there was a commingling of funds and other assets between Acro-CA and Fleming. |
| Request No. 29: | Any and all Documents which YOU contend that support the contention that there was an unauthorized diversion of corporate funds or assets from Acro-CA to Fleming. |

7

Request No. 30:     Any and all Documents which YOU contend that support the contention that Fleming held himself out as liable for the debts of Acro-CA.

Request No. 31:     Any and all Documents which YOU contend that support the contention that Acro-CA failed to maintain minutes or adequate corporate records.

Request No. 32:     Any and all Documents which YOU contend that support the contention that Fleming treated the assets of Acro-CA as his own.

Request No. 33:     Any and all Documents which YOU contend that support the contention that Fleming concealed or misrepresented the ownership, management and financial interests of Acro-CA.

Request No. 34:     Any and all Documents which YOU contend that support the contention that Fleming contracted with Suntech with the intent to avoid performance by use of a corporate entity as a shield against personal liability.

Request No. 35:     Any and all Documents which YOU contend that support the contention that Fleming used Acro-CA as a subterfuge for illegal transactions.

Request No. 36:     Any and all Documents which YOU contend that support the contention that there was identical equitable ownership in Acro-BC and Acro Energy Technologies, Inc.

Furthermore, Suntech refused to produce agreements between it and Fleming (Response to Request No. 37) and correspondence between it and Fleming (Response to Request No. 38).

Suntech's response to both of these proper discovery requests was the following objection:

> *Defendant objects to this Request as it seeks information/documentation which may be derived or ascertained from public records or from Plaintiff's business records, and the burden of deriving or ascertaining the information is substantially the same for Plaintiff as it is for Defendant. See Tex. R. Civ. P. 192.4(a).*

Suntech's objection is without justification and is merely an evasive attempt to refuse to provide responses to legitimate discovery requests.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Harry Fleming requests that this motion be set for hearing and that the Court enter an order overruling Defendant Suntech America, Inc.'s objections to Plaintiff's Interrogatories and Request for Production, compelling

full and non-evasive responses to the discovery requests, and grant such other and further relief to which Plaintiff may be justly entitled.

**Respectfully submitted**

**Michael P. Fleming &      Associates, P.C.**

**By:** _____

**Michael P. Fleming**
**SBN:** 07130600
**David Tang**
**SBN:. 24014483**
440 Louisiana, Suite 1920
Houston, Texas 77002
(713) 221-6800
(713) 221-6806 fax
**Counsel for Plaintiff Harry Fleming**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2013, a copy of the foregoing document was served upon the following attorney of record.

Evan A. Moeller
Hirsch & Westheimer, P.C.
700 Louisiana, 25th Floor
Houston, Texas 77002-2772.

_____
David Tang
9

# Exhibit A

CAUSE NO. 1021235

| | | |
|---|---|---|
| **HARRY FLEMING** | § | IN   THE   COUNTY   COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | AT   LAW   NO.   ONE   (1) |
| | § | |
| **SUNTECH AMERICA, INC.** | § | |
| | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

**DEFENDANT SUNTECH AMERICA, INC.'S**
**OBJECTIONS AND ANSWERS TO**
<u>**PLAINTIFF'S FIRST INTERROGATORIES**</u>

TO:    Harry Fleming, Plaintiff, by and through his counsel of record, Michael P. Fleming and
Laura Krzesienski, MICHAEL P. FLEMING & ASSOCIATES, P.C., 440 Louisiana,
Suite 1920, Houston, Texas 77002.

Defendant, Suntech America, Inc. (***"Defendant"*** and/or ***"Suntech"***), pursuant to the

Texas Rules of Civil Procedure, serves its Objections and Answers to Plaintiff, Harry Fleming's

(***"Plaintiff"***) First Interrogatories attached hereto as Exhibit A.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By:    _____
Evan A. Moeller
State Bar No.: 24051067
700 Louisiana, Suite 2550
Houston, Texas  77002-2772
713.220.9163 -- Telephone
713.223.9319 -- Facsimile

**ATTORNEYS FOR DEFENDANT,**
**SUNTECH AMERICA, INC.**

# Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objections and Responses were served as indicated below, on this 26ᵗʰ day of December, 2012, to the following counsel of record:

Michael P. Fleming
Laura Krzesienski
440 Louisiana, Ste. 1920
Houston, Texas 77002
*Via Certified Mail, RRR: 7196 9008 9111 7066 7699*

Evan A. Moeller

20120621.20120621/1453148.1

## EXHIBIT A

### DEFENDANT SUNTECH AMERICA, INC.'S
### OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST INTERROGATORIES

**Suntech generally objects to Plaintiff's Definitions and Instructions in that they place burdens and requirements upon Defendant not contemplated or required by the Texas Rules of Civil Procedure. Tex. R. Civ. P. 196. Additionally, these Definitions and Instructions are overly broad, burdensome and harassing and call for the disclosure of information protected by the attorney/client privilege, the investigative privilege, the party communication privilege and attorney work product and are beyond the scope of Rules 196 of the Texas Rules of Civil Procedure. Such Definitions and Instructions are too comprehensive and Defendant can only surmise the opposing party intends to lay discovery traps to the unwary Defendant or otherwise establish trial by ambush. Any Answer by Defendant, subject to such Definitions and Instructions would be to its peril.**

**Subject to and without waiving these Objections, Defendant will answer Plaintiff's discovery requests.**

**INTERROGATORY NO. 1:**

Please state all facts known to YOU on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court, Case No.: CGC-12-520454 (the "California Action"), to support a claim that Harry Fleming ("Fleming") was the alter ego of Acro Energy Technologies Corp. ("Acro-BC").

**ANSWER:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**INTERROGATORY NO. 2:**

Please identify (by providing name, last-known address, and telephone number) all agents, representatives or employees of Suntech America, Inc. that YOU believe had knowledge of facts on May 23, 2012 to support a claim that Fleming was the alter ego of Acro-BC.

**ANSWER:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

3

**INTERROGATORY NO. 2 (sic):**

If YOU contend that Acro-BC constitutes an alter ego of Fleming have not maintained appropriate corporate separateness and respected all attributes of corporate, business and accounting separateness, please state all facts which support this contention.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 3:**

If YOU contend that Acro-BC constitutes an alter ego of Fleming, please state all facts which support this contention.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 4:**

If YOU contend that there was such a unity of interest and ownership between Acro-BC and Fleming that the separate personalities of the corporation and Fleming did not in reality exist, please state all facts which support this contention.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 5:**

If YOU contend that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-BC from its shareholders, officers and directors, please state all facts which support this contention.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 6:**

If YOU contend that there was an unauthorized diversion of the funds of Acro-BC for other than corporate purposes, please state all facts which support this contention.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 7:**

If YOU contend that there was an unauthorized diversion of funds from Acro-BC to Fleming, please state the date and amount of the alleged diversion of funds to Fleming.

**ANSWER:**

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**INTERROGATORY NO. 8:**

If YOU contend that there was a failure to segregate the funds of Acro-BC and Fleming, please state all facts which support this contention.

20120621.20120621/1453148.1

<u>ANSWER:</u>

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

<u>INTERROGATORY NO. 9:</u>

If YOU contend that Fleming treated the corporate assets of Acro-BC as his own, please state all facts which support this contention.

<u>ANSWER:</u>

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

<u>INTERROGATORY NO. 10:</u>

If YOU contend that Fleming used Acro-BC as a subterfuge for illegal transactions, please state all facts which support this contention.

<u>ANSWER:</u>

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

<u>INTERROGATORY NO. 11:</u>

If YOU contend that, during the time of the transactions with Suntech America, Inc., Acro-BC was not a company with shares publicly traded on the TSX Venture Exchange, please state all facts which support this contention.

<u>ANSWER:</u>

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

20120621.20120621/1453148.1

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 12:

If YOU contend that Fleming was the sole shareholder of Acro-BC, please state all facts which support this contention.

## ANSWER:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 13:

Please state all facts known to YOU on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court Case No.: CGC-12-520454 (the "California Action") to support a claim that Fleming was the alter ego of Acro Energy Technologies, Inc. ("Acro-CA").

## ANSWER:

Defendant objects to this Interrogatory in that it is duplicative of Interrogatory No. 1. Plaintiff is encouraged to proofread his discovery requests before wasting any more of counsel's time and the parties' treasure.[1]

Defendant further objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 14:

Please identify (by providing name, last-known address, and telephone number) all agents, representatives, or employees of Suntech America, Inc. that YOU believe had knowledge of facts on May 23, 2012 to support a claim that Fleming was the alter ego of Acro-CA.

---

[1]   Plaintiff and his counsel are also encouraged to read Chapter 37 of the Tex. Civ. Prac. & Rem. Code, which counsel was ethically bound to do before filing this ridiculous lawsuit.

20120621.20120621/1453148.1

ANSWER:

Defendant objects this Interrogatory in that it is duplicative of Interrogatory No. 2 (the first No. 2). Plaintiff is encouraged to proofread his discovery requests before wasting any more of counsel's time and the parties' treasure.

Defendant further objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

INTERROGATORY NO. 15:

If YOU contend that Acro-CA constituters an alter ego of Fleming, please state all facts which support this contention.

ANSWER:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

INTERROGATORY NO. 16:

If YOU contend that there was such a unity of interest and ownership between Acro-CA and Fleming that the separate personalities of the corporation and Fleming did not in reality exist, please state all facts which support this contention.

ANSWER:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

INTERROGATORY NO. 17:

If YOU contend that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-CA from its shareholders, officers and directors, please state all facts which support this contention.

<u>ANSWER:</u>

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

<u>INTERROGATORY NO. 18:</u>

If YOU contend that there was an unauthorized diversion of the funds of Acro-CA for other than corporate purposes, please state all facts which support this contention.

<u>ANSWER:</u>

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

<u>INTERROGATORY NO. 19:</u>

If YOU contend that there was an unauthorized diversion of funds from Acro-CA to Fleming, please state the date and amount of the alleged diversion of funds to Fleming.

<u>ANSWER:</u>

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

<u>INTERROGATORY NO. 20:</u>

If YOU contend that there was a failure to segregate the funds of Acro-CA and Fleming, please state all facts which support this contention.

<u>ANSWER:</u>

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

20120621.20120621/1453148.1

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 21:

If YOU contend that Fleming treated the corporate assets of Acro-CA as his own, please state all facts which support this contention.

## ANSWER:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 22:

If YOU contend that Fleming used Acro-CA as a subterfuge for illegal transactions, please state all facts which support this contention.

## ANSWER:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 23:

If YOU contend that Fleming was ever a shareholder of Acro-CA, please state all facts which support this contention.

## ANSWER:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## INTERROGATORY NO. 24:

Please state all facts and circumstances that support any defense you plan to assert in this action.

10

## ANSWER:

Plaintiff's claims are not proper subject matter for relief under Chapter 37 of the Texas Civil Practice & Remedies Code and both Plaintiff and his counsel are subject to sanctions under Texas Civil Practice & Remedies Code Chapter 10.001 *et seq.* and Texas Rule of Civil Procedure 13 for filing Plaintiff's Original Petition.

11

# Exhibit B

CAUSE NO. 1021235

| | | |
|---|---|---|
| HARRY FLEMING | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | AT LAW NO. ONE (1) |
| | § | |
| SUNTECH AMERICA, INC. | § | |
| | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANT SUNTECH AMERICA, INC.'S
### OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Harry Fleming, Plaintiff, by and through his counsel of record, Michael P. Fleming and Laura Krzesienski, MICHAEL P. FLEMING & ASSOCIATES, P.C., 440 Louisiana, Suite 1920, Houston, Texas 77002.

Defendant, Suntech America, Inc. (*"Defendant"* and/or *"Suntech"*), pursuant to the

Texas Rules of Civil Procedure, serves its Objections and Responses to Plaintiff, Harry

Fleming's (*"Plaintiff"*) First Request for Production attached hereto as Exhibit A.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
Evan A. Moeller
State Bar No.: 24051067
700 Louisiana, Suite 2550
Houston, Texas 77002-2772
713.220.9163 -- Telephone
713.223.9319 -- Facsimile

**ATTORNEYS FOR DEFENDANT,**
**SUNTECH AMERICA, INC.**

20120621.20120621/1453161.1

# Exhibit B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objections and Responses were served as indicated below, on this _26th_ day of December, 2012, to the following counsel of record:

Michael P. Fleming
Laura Krzesienski
440 Louisiana, Ste. 1920
Houston, Texas 77002
*Via Certified Mail, RRR: 7196 9008 9111 7066 7699*

Evan A. Moeller

2

EXHIBIT A

### DEFENDANT SUNTECH AMERICA, INC.'S
### OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Suntech generally objects to Plaintiff's Definitions and Instructions in that they place burdens and requirements upon Defendant not contemplated or required by the Texas Rules of Civil Procedure. Additionally, these Definitions and Instructions are overly broad, burdensome and harassing and call for the disclosure of information protected by the attorney/client privilege, the investigative privilege, the party communication privilege, the attorney work product privilege and call for production of documents and/or tangible things beyond the scope of permissible discovery under the Texas Rules of Civil Procedure. Such Definitions and Instructions are too comprehensive and Defendant can only surmise the Plaintiff intends to lay discovery traps to the unwary Defendant or otherwise establish trial by ambush. Any Response by Defendant subject to such Definitions and Instructions would be to its peril.

Subject to these Objections and without waiver of the same, Defendant will answer Plaintiff's discovery requests.

REQUEST FOR PRODUCTION NO. 1:

Any and all Documents in YOUR possession on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court, Case No.: CGC-12-520454 (the "California Action"), which YOU contend supported a claim that Harry Fleming ("Fleming") was the alter ego of Acro Energy Technologies Corp. ("Acro-BC").

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 2:

Any and all Documents which YOU contend establish that there was such a unity of interest and ownership between Acro-BC and Fleming that the separate personalities of the corporation and Fleming did not in reality exist.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 3:

Any and all Documents which YOU contend establish that adherence to the fiction of Acro-BC's separate corporate existence would promote injustice and fraud.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 4:

Any and all Documents which YOU contend establish that disregarding the separate corporate existence of Acro-BC is necessary to prevent an injustice upon YOU.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 5:

Any and all Documents which YOU contend establish that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-BC from its shareholders, officers, and directors.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

20120621.20120621/1453161.1

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 6:

Any and all Documents which YOU contend support the claim that Fleming was and is a guarantor of Acro-BC.

## RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 7:

Any and all Documents which YOU contend support the claim that Fleming guaranteed any obligation of Acro-BC to YOU.

## RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 8:

Any and all Documents which YOU contend support the contention that Acro-BC constitutes an alter ego of Fleming.

## RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

5

## REQUEST FOR PRODUCTION NO. 9:

Any and all Documents which YOU contend support the contention that, at all times since its inception, Acro-BC has been but an instrumentality or conduit of Fleming in the pursuit of a single business venture.

## RESPONSE:

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

## REQUEST FOR PRODUCTION NO. 10:

Any and all Documents which YOU contend that support the contention that there was a commingling of funds and other assets between Acro-BC and Fleming.

## RESPONSE:

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

## REQUEST FOR PRODUCTION NO. 11:

Any and all Documents which YOU contend that support the contention that there was an unauthorized diversion of corporate funds or assets from Acro-BC to Fleming.

## RESPONSE:

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

## REQUEST FOR PRODUCTION NO. 12:

Any and all Documents which YOU contend that support the contention that Fleming held himself out as liable for the debts of Acro-BC.

20120621.20120621/1453161.1

**RESPONSE:**

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 13:

Any and all Documents which YOU contend that support the contention that Acro-BC failed to maintain minutes or adequate corporate records.

**RESPONSE:**

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 14:

Any and all Documents which YOU contend that support the contention that Fleming treated the assets of Acro-BC as his own.

**RESPONSE:**

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

## REQUEST FOR PRODUCTION NO. 15:

Any and all Documents which YOU contend that support the contention that Fleming concealed or misrepresented the ownership, management and financial interests of Acro-BC.

**RESPONSE:**

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

7

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents which YOU contend that support the contention that Fleming contracted with Suntech with the intent to avoid performance by use of a corporate entity as a shield against personal liability.

**RESPONSE:**

Defendant objects on the ground of relevance.   Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all Documents which YOU contend that support the contention that Fleming used Acro-BC as a subterfuge for illegal transactions.

**RESPONSE:**

Defendant objects on the ground of relevance.   Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all Documents in YOUR possession on May 23, 2012, the date of the First Amended Complaint in the matter entitled *Suntech America, Inc., v. Acro Energy Technologies, Inc., et al.,* San Francisco County Superior Court, Case No.:  CGC-12-520454 (the "California Action"), which YOU contend supported a claim that Fleming was the Alter ego of Acro Energy Technologies, Inc. ("Acro-CA").

**RESPONSE:**

Defendant objects on the ground of relevance.   Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

8

## REQUEST FOR PRODUCTION NO. 19:

Any and all Documents which YOU contend establish that there was such a unity of interest and ownership between Acro-CA and Fleming that the separate personalities of the corporation and Fleming did not in reality exist.

## RESPONSE:

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

## REQUEST FOR PRODUCTION NO. 20:

Any and all Documents which YOU contend establish that adherence to the fiction of Acro-CA's separate corporate existence would promote injustice and fraud.

## RESPONSE:

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

## REQUEST FOR PRODUCTION NO. 21:

Any and all Documents which YOU contend establish that disregarding the separate corporate existence of Acro-CA is necessary to prevent an injustice upon YOU.

## RESPONSE:

**Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

9

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents which YOU contend establish that there was conduct by Fleming amounting to bad faith that would justify disregarding the separate corporate identity of Acro-CA from its shareholders, offices, and directors.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 23:**

Any and all Documents which YOU contend support the contention that Fleming was and is a guarantor of Acro-CA.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 24:**

Any and all Documents which YOU contend support the claim that Fleming guaranteed any obligation of Acro-CA to YOU.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 25:**

Any and all Documents which YOU contend support the contention that Fleming was and is a shareholder of Acro-CA.

10

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 26:

Any and all Documents which YOU contend support the contention that Acro-CA constitutes an alter ego of Fleming.

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 27:

Any and all Documents which You contend support the contention that, at all times since its inception, Acro-CA has been but an instrumentality or conduit of Fleming in the pursuit of a single business venture.

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 28:

Any and all Documents which YOU contend that support the contention that there was a commingling of funds and other assets between Acro-CA and Fleming.

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

11

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 29:

Any and all Documents which You contend that support the contention that there was an unauthorized diversion of corporate funds or assets from Acro-CA to Fleming.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 30:

Any and all Documents which YOU contend that support the contention that Fleming held himself out as liable for the debts of Acro-CA.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 31:

Any and all Documents which YOU contend that support the contention that Acro-CA failed to maintain minutes or adequate corporate records.

RESPONSE:

Defendant objects on the ground of relevance.  Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all Documents which YOU contend that support the contention that Fleming treated the assets of Acro-CA as his own.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 33:**

Any and all Documents which YOU contend that support the contention that Fleming concealed or misrepresented the ownership, management and financial interests of Acro-CA.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 34:**

Any and all Documents which YOU contend that support the contention that Fleming contracted with Suntech with the intent to avoid performance by use of a corporate entity as a shield against personal liability.

**RESPONSE:**

**Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.**

**The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.**

**REQUEST FOR PRODUCTION NO. 35:**

Any and all Documents which YOU contend that support the contention that Fleming concealed or misrepresented the ownership, management and financial interests of Acro-CA.

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 36:

Any and all Documents which YOU contend that support the contention that there was identical equitable ownership in Acro-BC and Acro Energy Technologies, Inc.

RESPONSE:

Defendant objects on the ground of relevance. Attempting to use this forum to conduct discovery on a separate matter in another jurisdiction is wholly improper.

The only contention Defendant has made in this litigation is the denial of Plaintiff's incoherent claims.

REQUEST FOR PRODUCTION NO. 37:

Any and all agreements between YOU and Fleming.

RESPONSE:

Defendant objects to this Request as it seeks information/documentation which may be derived or ascertained from public records or from Plaintiff's business records, and the burden of deriving or ascertaining the information is substantially the same for Plaintiff as it is for Defendant. See Tex. R. Civ. P. 192,4(a).

REQUEST FOR PRODUCTION NO. 38:

Any and all correspondence between YOU and Fleming.

RESPONSE:

Defendant objects to this Request as it seeks information/documentation which may be derived or ascertained from public records or from Plaintiff's business records, and the burden of deriving or ascertaining the information is substantially the same for Plaintiff as it is for Defendant. See Tex. R. Civ. P. 192,4(a).

14

## REQUEST FOR PRODUCTION NO. 39:

Any and all reports of any person retained as a testifying expert in this matter.

## RESPONSE:

**Defendant objects to this Request as it seeks the production of documents that pertain to an expert through the wrong procedural mechanism.**

**Subject to and without waiving the foregoing Objection, please see Defendant's Responses to Requests for Disclosure.**

15

20120621,20120621/1453161,1

# Exhibit C

---

From: emoeller@hirschwest.com [emoeller@hirschwest.com]
Sent: Thursday, November 29, 2012 4:21 PM
To: Michael P. Fleming
Subject: Findlaw FirmSite Message From Fleming vs. Suntech

Name:
Evan A. Moeller

E-mail Address:
emoeller@hirschwest.com

Subject:
Fleming vs. Suntech

Brief description of your legal issue:
Michael:

I'm guessing Harry is a relative and you're handling this pro bono.  Given your
experience, you know this is not actionable under Chapter 37.  Are you going to make
me file an MSJ on this?

Evan

This e-mail was initiated at the Findlaw FirmSite http://www.flemingattorneys.com/E-
mail.shtml.

The content of this e-mail is provided by and is the responsibility of the person
posting the e-mail communication. You acknowledge that any reliance on material in
e-mail communications is at your own risk.

Exhibit C

Cause No. 1021235

| | |
|---|---|
| HARRY FLEMING, | § IN THE COUNTY CIVIL COURT |
| Plaintiff, | § |
| vs. | § AT LAW NO. ONE (1) |
| SUNTECH AMERICA, INC., | § |
| Defendant | § OF HARRIS COUNTY, TEXAS |

**Notice of Oral Hearing**

Please take notice that the following motion(s) will be heard on the oral hearing docket of the Harris County Civil Court at Law No. 1 on January 22, 2013 at 9:00 a.m.:

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Respectfully submitted

Michael P. Fleming &          Associates, P.C.

By: _____

**Michael P. Fleming**
**SBN: 07130600**
**David Tang**
**SBN:. 24014483**
440 Louisiana, Suite 1920
Houston, Texas 77002
(713) 221-6800
(713) 221-6806 fax

**Counsel for Plaintiff Harry Fleming**

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2013, a copy of the foregoing document was served upon the following attorney of record.

Evan A. Moeller
Hirsch & Westheimer, P.C.
700 Louisiana, 25th Floor
Houston, Texas 77002-2772.


_____
David Tang

15