IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-30985 |
| ARCO ENERGY TECHNOLOGIES, INC. | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |
| ARCO ENERGY TECHNOLOGIES, INC. | § | |
| HARRY FLEMING | § | |
| | § | |
| V. | § | ADVERSARY NO. 13-03053 |
| | § | |
| SUNTECH AMERICA, INC.[1] | § | |

**PLAINTIFF, HARRY FLEMING'S MOTION TO REMAND**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON MAY 13, 2013 AT 10:00 A.M. IN COURTROOM 403, FOURTH FLOOR, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

---

[1] Debtor, Acro Energy Technologies, Inc. is *not* a party to this adversary proceeding and should not be included in the style of this adversary proceeding.  **Debtor is not, and has never been, a party to the State Court lawsuit that was removed to this Court.**  Suntech's inclusion of Debtor as a party to the adversary in the Notice of Removal is grossly misleading to this Court.  **All parties to the adversary are nondebtor parties**.

TO THE HONORABLE BANKRUPTCY JUDGE KAREN K. BROWN:

COMES NOW, Harry Fleming, Plaintiff in the above-referenced adversary proceeding and hereby files this Motion to Remand pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(a) ("**Motion**") and in support thereof, respectfully avers onto this Court as follows:

## I. REQUESTED RELIEF

1. By this Motion, Plaintiff, Harry Fleming, respectfully requests that this Court remand this adversary proceeding to the Civil County Court at Law No. 1 of Harris County, Texas (the "**State Court**") pursuant to 28 U.S.C. §§ 1452(a) and 1334(c)(1).

## II. BACKGROUND

2. This Motion is governed by 28 U.S.C. §§ 1334(c)(1) and 1452(b), Fed. R. Bank. P. 9013 and Local Rule 9013. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and § 157(a).

### A. Chronology of the State Court Action—*Fleming v. Suntech*

3. On October 9, 2012, Plaintiff, Harry Fleming ("**Fleming**") filed his Original Petition against Defendant, Suntech America, Inc. ("**Suntech**") in the Civil County Court at Law No. 1 of Harris County, Texas, the Honorable Debra I. Mayfield presiding (the "**State Court**").[2] In the State Court Action, Fleming seeks, *inter alia,* a declaration under the Texas Declaratory Judgment Statute, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*, that he is not the alter ego of Arco Energy Technologies, Inc. ("**Debtor**"). Fleming has never been a shareholder of Debtor. Fleming's claims in the State Court Action are based solely on Texas law and do not involve the determination of any issues arising under federal law, including the United States Bankruptcy Code. See **Exhibit A**, Plaintiff's Original Petition. Debtor is not, and has never been, a party to

---

[2] The lawsuit is Case No. 1021235; *Harry Fleming v. Suntech America, Inc.*, In the Civil County Court at Law No. 1 of Harris County, Texas (the "**State Court Action**").

2

the State Court Action.  Suntech filed its Defendant's Original Answer on November 9, 2012. Suntech did not assert any counterclaims against Plaintiff.[3]

4. Significantly, until the removal of the State Court Action to this Court, all of the claims and parties in the State Court Action have remained in the State Court.  Suntech, a Delaware corporation, did *not* seek to remove the case to the United States District Court under 28 U.S.C. § 1441 or transfer the case to any other venue.  Under 28 U.S.C. § 1446(b), Suntech had the opportunity to remove the State Court Action to the District Court during the thirty-day period beginning on or about October 15, 2012, the date that Suntech was served.  Suntech failed to do so.

5. On or about February 21, 2013 (the "**Petition Date**"), Debtor filed its petition for relief under Title 11, Chapter 7 of the United States Bankruptcy Code in Case No. 13-30985 (the "**Bankruptcy Case**").  Joseph M. Hill was appointed as the Chapter 7 Trustee over the bankruptcy estate ("**Estate**").  The Bankruptcy Case is a "no-asset" case.

6. On March 7, 2013 (the "**Removal Date**"), Suntech removed the State Court Action to this Court pursuant to 28 U.S.C. 1452(a) [**Dkt. No. 1**].  Notably, the Chapter 7 Trustee for the Estate did not join in the removal.  The State Court Action was assigned Adversary No. 13-03053 (the "**Adversary Proceeding**").

7. On the Removal Date, the State Court Action had substantially progressed and was near its trial date of April 15, 2013.  See **Exhibit B**, Notice of Non-Jury Trial Setting. The parties had conducted discovery and pre-trial motions, including a Motion for Summary Judgment filed by Suntech, which was denied by the State Court.  On the Removal Date, the non-jury trial setting was a mere *five weeks* away.  See **Exhibit C**, the State Court Action docket.

---

[3] Suntech's Original Answer includes a request for attorneys' fees and costs under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.009.

### III.   ARGUMENT AND AUTHORITY

**A.   Remand is proper because Suntech did not have standing to remove the State Court Action.**

8.   Suntech asserts that removal of the State Court Action to this Court is proper because, "In the Fifth Circuit alter ego claims are property of the Estate" under 11 U.S.C. § 541(a).  **[Dkt. No. 1]**.  Assuming, *arguendo*, that the State Court Action constitutes Estate property under § 541(a), then the Chapter 7 Trustee, as the representative of the Estate, is the real party in interest with *exclusive* standing to remove the State Court Action.  11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate."); *see Wieberg v. GTE Southwest, Inc.,* 272 F.3d 302, 306 (5th Cir. 2001)(debtor lacked standing to file a discrimination lawsuit because the cause of action was property of the estate and only the trustee had exclusive standing to prosecute the lawsuit); *Minerals Cont'l, Inc. v. Lacampana, Inc. (In re Minerals Cont'l),* No. H-12-03099, 2013 U.S. Dist. LEXIS 47415, at *5-8 (S.D. Tex. April 2, 2013) (Miller, J.) (dismissal of the appeal filed by debtor in Chapter 7 case was proper because debtor lacked standing to appeal and Chapter 7 trustee failed to pursue the appeal as the representative of the bankruptcy estate).  It is undisputed that the Chapter 7 Trustee did not join in the removal of the State Court Action.  Accordingly, because Suntech lacked standing for removal, remand is proper on this basis alone.

9.   Further, Plaintiff objects to Suntech's removal because Suntech failed to seek relief from the automatic stay.  *See* 11 U.S.C. § 362(a) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of . . . (3) **any act . . . to exercise control over property of the estate** . . ."). [Emphasis added].

4

**B.     Remand is proper under 28 U.S.C. §§ 1334(c)(1) and 1452(b).**

   **i.     The Court has broad discretion to remand State law claims under 28 U.S.C. §§ 1334(c)(1) and 1452(b).**

10.     Bankruptcy Courts have wide latitude in determining whether to remand a state law cause of action. The Fifth Circuit has held that under 28 U.S.C. § 1334(c)(1), the Court has "broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *In re Gober,* 100 F.3d 1195, 1206 (5th Cir. 1996).[4] Further, section 1452(b) allows the Court to remand removed claims or causes of action "on ***any*** equitable ground." 28 U.S.C. § 1452(b) [Emphasis added]. *See e.g. Arnold v. Garlock, Inc.,* 278 F.3d 426, 438 (5th Cir. 2001).

   **ii.    The remand statutes support Congress' intent for Courts to respect the preference of litigants to have their State law claims adjudicated in State Court.**

11.     A party that seeks to have a proceeding remanded to state court may petition for (i) mandatory abstention under 28 U.S.C. § 1334(c)(2), (ii) permissive abstention under 28 U.S.C. § 1334(c)(1), or (iii) equitable remand under 28 U.S.C. § 1452(b). The legislative history of §§ 1334(c)(1) and (2) indicates Congress' intent for courts to respect the preference of litigants to have their state law claims adjudicated in state court. *See Wiley v. Southland Sys., Inc., (In re Southland Sys., Inc.),* No. 06-33995, 2007 Bankr. LEXIS 3381, at *6-10, (S.D. Tex. Sept. 21, 2007) (Isgur, J) *citing In re Hospitality Ventures/LaVista,* 314 B.R. 843, 850-51 (Bankr. N.D. Ga. 2004) (The permission abstention provisions of former 1471 [precedessor to § 1334(c)(1)] were largely restated in the 1984 amendments that enacted § 1334(c)(1), resulting in limited

---

[4] Remand, not dismissal, is the proper course of action by a Court when it must abstain from hearing an action that was removed from state court. *See WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999)("mandatory abstention, if met, requires a district court to remand the case to state court"); *J.T. Thorpe Co. v. Am. Motorists,* No. 02-4598, 2003 U.S. Dist. LEXIS 26016, at *20 (S.D. Tex. June 6, 2003)(Rainey, J)(holding same).

5

discussion of permissive abstention, but "**the fundamental premise that abstention is based on the availability of a non-bankruptcy forum is readily apparent**.") [Emphasis added].[5]

### iii. The balancing test for discretionary abstention under § 1334(c)(1) and equitable remand under § 1452(b).

12. In determining whether discretionary abstention or equitable remand is appropriate, Courts have developed a list of nonexclusive factors (collectively, the "**Abstention/Remand Factors**") including:

1. the effect or lack thereof on the efficient administration of the estate;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficult or unsettled nature of applicable law;

4. the presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

5. the jurisdictional basis, if any, other than 1334;

6. the degree of relatedness or remoteness of proceeding to main bankruptcy case;

7. the substance rather than the form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy

---

[5] *See also Wiley v. Southland Sys., Inc.* 2007 Bankr. LEXIS 3381 at *7-9, *citing Stoe v. Flaherty,* 436 F.3d 209, 214 n.1 (3rd Cir. 2006) (citing 130 Cong. Rec. 13063, 13066-67 (1984) (statement of Sen. Hatch) (supporting Senate bill's broader abstention provision and noting that **"for reasons dictated by sound constitutional policy as well as judicial economy and procedural fairness to claimants, this bill contains a requirement that a Federal district court involved in a bankruptcy matter honor the request of a party to that proceeding to have wholly State law issues resolved in State courts"**)[Emphasis added]; 130 Cong. Rec. 17152 (statement of Sen. Heflin) (supporting broad abstention to give effect to right of litigant to state forum); 130 Cong. Rec. 17154 (statement of Sen. DeConcini) (arguing that proposed narrower abstention provision "reflect[s] a balance between the need for an effective and efficient bankruptcy court system … and the concerns of those who find themselves involuntarily involved in a bankruptcy proceeding")).

6

        court involves forum shopping by one of the parties;

11.     the existence of a right to a jury trial;

12.     the presence in the proceeding of non-debtor parties;

13.     comity; and

14.     the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co. v. Am. Motorists,* No. 02-4598, 2003 U.S. Dist. LEXIS 26016, at *22-23; *Wiley v. Southland Sys., Inc.,* 2007 Bankr. LEXIS 3381, at *10-11.[6]

    **iv.**     **The balance of the Abstention/Remand factors clearly supports remand in the interest of justice.**

13.     The balance of the Abstention/Remand Factors clearly supports remand in the interest of justice. *Indeed, the following seven out of the fourteen factors favor remand*: (1) the effect or lack thereof on the efficient administration of the estate; (2) extent to which state law issues predominate over bankruptcy issues; (6) degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (12) the presence in the proceeding of nondebtor parties; and (13) comity.[7]

---

[6] Additionally, the following factors have also been considered in evaluating whether to remand a removed cause of action pursuant to § 1452: (1) *forum non conveniens;* (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court; (3) whether the state court has greater ability to respond to questions of state law; (4) the particular court's expertise; (5) the inefficiencies of proceedings in two forums; (6) prejudice to the involuntarily removed party; (7) comity; and (8) possibility of an inconsistent result. *Wiley v. Southland Sys., Inc.*, 2007 Bankr. LEXIS 3381, at *11-12. Courts have found considerable overlap between the analyses under 1334(c)(1) and 1452(b) and therefore apply the same fourteen factors listed above in determining whether equitable remand is appropriate. *Id.*

[7] The third, fourth, seventh and eighth factors are inapplicable or neutral in the remand analysis and thus do not support the Court's retention of the Adversary Proceeding.

### v.   *The First, Second, Sixth and Twelfth Factors heavily favor remand*

14.   The Debtor is ***not*** a party to the Adversary Proceeding. The only parties, Suntech and Fleming, are nondebtor parties. Also, the Bankruptcy Case is a "no asset" case that should close soon. The State Court Action, which involves non-core issues, was filed outside of the Bankruptcy Case and could have been maintained in the State Court—thus, the outcome of this Adversary Proceeding should not have any effect on the Estate. Indeed, the fact that Suntech, as Debtor's largest unsecured creditor, did not show up to the 341 meeting of creditors on April 2, 2013 indicates Suntech's admission that the Bankruptcy Case is wholly unrelated to the Adversary Proceeding. Moreover, because the claims asserted in the pleadings arise solely under Texas law, it is clear that State law claims predominate in this Adversary Proceeding. *See Wiley v. Southland Sys., Inc*, 2007 Bankr. LEXIS 3381, at *12-13 (remand was proper in a Chapter 7 adversary proceeding based on the first, second, sixth and twelfth factors, which "weighed heavily in favor of remand" because (i) only nondebtor parties were involved in the adversary proceeding; (ii) the claims at issue were based on state law; and (iii) "the dismissal or closing of the bankruptcy case should result in the dismissal of related proceedings") *citing In re Querner,* 7 F.3d 1199, 1201 (5th Cir. 1993); *see also J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *23-24 (the first, second and sixth factors heavily supported remand because the plan of reorganization was confirmed; thus, "there is very little left of the bankruptcy proceeding with which to 'coordinate' this [adversary proceeding]").

### vi.   *The Ninth and Tenth Factors also support remand*

15.   On the Removal Date, the State Court Action was just ***five weeks*** shy of the trial setting. Although Suntech could have exercised its right of removal under 28 U.S.C. § 1441, Suntech failed to do so. Tellingly, at the eleventh hour, after Judge Mayfield denied its Motion

for Summary Judgment, Suntech removed the State Court Action in order to start the case over with a new judge. Suntech has used removal to have another bite at the apple, resulting in unnecessary expense and delay to Fleming. The Court should not permit such forum-shopping and dilatory tactics. *See Lee v. Miller,* 263 B.R. 757, 763 (Bankr. S.D. Miss. 2001) (supporting remand/abstention because, *inter alia,* "the instant case already was in trial posture at the time it was removed to this court"). Further, remand is proper in the interest of judicial economy. *See Wiley v. Southland Sys., Inc*, 2007 Bankr. LEXIS 3381, at *14 (finding the ninth factor to "mildly favor remand" because "each bankruptcy Judge in Houston currently has a caseload of approximately 5,000 cases—The Court has a full docket.").

      vii.    *__The Thirteenth Factor supports remand in the interest of comity.__*

16. Remand is also proper in the interest of comity. "[F]ederal courts should not rush to usurp the traditional precincts of the state courts." *Lee,* 263 B.R. at 763. Judge Mayfield is no doubt well equipped to adjudicate the Texas law issues in the State Court Action, and her prior rulings should not be disturbed. *In re Gober,* 100 F.3d 1195, 1207 (5th Cir. 1996) ("We find no abuse of discretion [in the court's decision to remand] because we agree that Gober's claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law. Gober's claims exist wholly outside of bankruptcy—indeed, Gober asserted them in state court almost a decade before he filed his bankruptcy petition."); *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir. 1987)(overruled in part on other grounds)(noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case").

17. Because the balance of the Remand/Abstention Factors highly supports remand, this Court should remand this Adversary Proceeding back to the State Court in the interest of fairness and justice.

## IV. CONCLUSION

18. For the foregoing reasons, Plaintiff, Harry Fleming, respectfully requests that this Court remand this Adversary Proceeding to the Civil County Court at Law No. 1 of Harris County, Texas pursuant to 28 U.S.C. §§ 1452(a) and 1334(c)(1).

Dated: April 6, 2013

Respectfully submitted,

ALICIA M. MATSUSHIMA, P.C.

By:_____
Alicia M. Matsushima
State Bar No. 24002546
440 Louisiana Street, Suite 900
Houston, Texas 77002
Tel. 713-236-7792
Fax 832-408-7518
alicia@ampclaw.com

**ATTORNEY FOR PLAINTIFF,
HARRY FLEMING**

**CERTIFICATE OF CONFERENCE**

On April 5, 2013, I conferred with Michael Durrschmidt, attorney for Defendant, Suntech America, Inc., concerning the requested relief in this Motion to Remand. Mr. Durrschmidt confirmed that Suntech America, Inc. is **opposed** to the requested relief.

_____
Alicia M. Matsushima

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2013, a true and correct copy of the foregoing Motion for Remand was served via CM/ECF and/or by First Class United States Mail, postage prepaid, on the following persons listed below.

Acro Energy Technologies Inc.
c/o Mr. Andy Chen
10700 Richmond Ave Ste 275
Houston, Texas 77042

Joseph M. Hill
Cage Hill and Niehaus, LLP
5851 San Felipe, Suite 950
Houston, Texas 77057

Suntech America, Inc.
c/o Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Ste. 2550
Houston, Texas 77002

Glynda P. Stowers
11569 Hwy. 6 South, Ste. 64
Sugar Land, Texas 77498

Office of the U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, Texas 77002

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Ste. 2550
Houston, Texas 77002

_____
Alicia M. Matsushima